

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**06/23/2010**

|   |   |
|---|---|
| IN RE | ) |
| | ) |
| J&D INVESTMENT PROPERTIES, INC., | ) CASE NO. 10-31668-H3-11 |
| | ) |
| Debtor, | ) |
| | ) |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion for Clarifying Ruling" (Docket No. 9) filed by Debtor. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered determining that the Debtor is not a single asset real estate debtor, and is not a small business debtor. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

J&D Investment Properties, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 1, 2010. On the petition, Debtor did not check the box indicating that it is a single asset real estate debtor as defined in Section 101(51B) of the Bankruptcy Code. Debtor did check the box indicating that it is a small business debtor as defined in Section 101(51D) of the Bankruptcy Code.

Mohamed Hassan, the president of Debtor, testified that Debtor holds three parcels of real estate, two located in Texas, and one located in California.  He testified that the two properties located in Texas are adjacent to one another.  He testified that one of the two properties located in Texas was previously used as a convenience store, but now is leased to a tenant who uses it as a sports training facility.  He testified that the second property located in Texas is used as a car wash.  He testified that the property located in California is presently undeveloped land.  He testified that Debtor is attempting to lease the property located in California.  He testified that property surrounding the property located in California is used for agriculture.

In the instant motion, Debtor seeks a determination of whether it is a small business debtor or a single asset real estate debtor.

### Conclusions of Law

Section 101(51B) of the Bankruptcy Code provides:

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of the debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

11 U.S.C. § 101(51B).

Section 101(51D) of the Bankruptcy Code provides:

The term "small business debtor"--

> (A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning or operating real property or activities incidental thereto) that has aggregate noncontingent liquidated secured and unsecured debtors as of the date of the petition of the date of the order for relief in an amount not more than $2,190,000 (excluding debts owed to 1 or more affiliates or insiders) for a case in which the United States trustee has not appointed under section 1102(a)(1) a committee of unsecured creditors or where the court has determined that the committee of unsecured creditors is not sufficiently active and representative to provide effective oversight of the debtor; and
>
> (B) does not include any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $2,190,000 (excluding debt owed to 1 or more affiliates or insiders).

11 U.S.C. § 101(51D).

Bankruptcy Rule 1020(a) provides in pertinent part:

> (a) Small business debtor designation.  In a voluntary chapter 11 case, the debtor shall state in the petition whether the debtor is a small business debtor....Except as provided in subdivision (c), the status of the case as a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect.

Rule 1020(a), Fed. R. Bankr. P.[1]

---

[1] The exception in Rule 1020(c) does not apply to the instant case.

In the instant case, Debtor's primary business is the business of owning or operating real property. Thus, the court concludes that, under Section 101(51D))(A), Debtor is not a small business debtor. Debtor's real property does not constitute a single property or project. Thus, the court concludes that, under Section 101(51(B)), Debtor is not a single asset real estate debtor.

Based on the foregoing, the court will enter a separate Judgment determining that the Debtor is not a single asset real estate debtor, and is not a small business debtor.

Signed at Houston, Texas on June 23, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE